1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO WOOTEN,

11            Plaintiff,                          No. CIV S-08-2745 DAD P

12        vs.

13   MICHELLE BROWN, et al.,

14            Defendants.                         ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20            Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

1 the preceding month's income credited to plaintiff's prison trust account. These payments shall

2 be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C.

4 § 1915(b)(2).

5 **SCREENING REQUIREMENT**

6 The court is required to screen complaints brought by prisoners seeking relief

7 against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.

8 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

9 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10 granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

11 U.S.C. § 1915A(b)(1) & (2).

12 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

15 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

16 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

17 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18 Cir. 1989); Franklin, 745 F.2d at 1227.

19 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

22 Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson,

23 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a

24 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

25 must contain factual allegations sufficient "to raise a right to relief above the speculative level."

26 Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must

accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has named Michelle Tupper Brown and the City of Fair Oaks as the defendants. In his complaint, plaintiff alleges that he and defendant Brown were

3

discussing a grievance plaintiff wrote about a cook's allegedly racist behavior directed toward

plaintiff while he was in the Center Point Behavior Modification Program, located in the City of

Fair Oaks. According to plaintiff, at some point during their discussion, defendant Brown began

to masturbate and grabbed his groin area without his consent. Plaintiff alleges that he left

defendant Brown's office feeling violated and scared. Plaintiff alleges that defendant Brown

later called him back to her office and, when he did not respond, told him that his grievance

would be dismissed. Plaintiff requests $200,000,000 in damages. (Compl. at 8.)

Under 42 U.S.C. § 1983, plaintiff has a right to be free from violations of

constitutional guarantees by those acting under color of state law. Van Ort v. Stanewich, 92 F.3d

831, 835 (9th Cir. 1996). However, plaintiff has no constitutional right to be free from infliction

of such harm by private actors. Id. Here, it is not clear from plaintiff's complaint whether he

was incarcerated when the events he complains of took place or whether defendant Brown acted

with any state or government authority. To state a cognizable claim under § 1983, the named

defendants must have acted under color of state law. It is also not clear from plaintiff's

complaint why he has named the City of Fair Oaks as a defendant in this action, except for the

fact the alleged events took place in Fair Oaks. Nor is it clear what federal constitutional or

statutory rights plaintiff believes the defendants violated.

In this regard, the allegations in plaintiff's complaint are so vague and conclusory

that the court is unable to determine whether the current action is frivolous or fails to state a

claim for relief. The complaint does not contain a short and plain statement as required by Fed.

R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must

give fair notice to the defendants and must allege facts that support the elements of the claim

plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff must allege with at least some degree of particularity overt acts which defendants

engaged in that support his claims. Id. Because plaintiff has failed to comply with the

/////

4

1  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

2  however, grant leave to file an amended complaint.

3       If plaintiff elects to proceed with this action by filing an amended complaint, he

4  must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's

5  federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

6  amended complaint must allege in specific terms how each named defendant was involved in the

7  deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

8  some affirmative link or connection between a defendant's actions and the claimed deprivation.

9  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

10  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

11  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

12  F.2d 266, 268 (9th Cir. 1982).

13       In addition, plaintiff is advised of the following legal standards that appear to

14  govern his claims.  First, to the extent that plaintiff seeks to raise an Eighth Amendment claim,

15  the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment

16  prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See

17  also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06

18  (1976).  However, neither accident nor negligence constitutes cruel and unusual punishment,

19  because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that

20  characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley,

21  475 U.S. at 319.  What is needed to show unnecessary and wanton infliction of pain "varies

22  according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S.

23  1, 5 (1992) (citing Whitley, 475 U.S. at 320).  Plaintiff must allege facts showing that objectively

24  he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable

25  state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v. Seiter, 501

26  U.S. 294, 298-99 (1991).

1          Second, to the extent that plaintiff seeks to raise a First Amendment retaliation

2   claim, filing prison administrative grievances is a protected activity and it is impermissible for

3   prison officials to retaliate against prisoners for engaging in this activity.  See Rhodes v.

4   Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  As the Ninth Circuit has explained:

5                  Within the prison context, a viable claim of First Amendment
                   retaliation entails five basic elements: (1) An assertion that a state
6                  actor took some adverse action against an inmate (2) because of (3)
                   that prisoner's protected conduct, and that such action (4) chilled
7                  the inmate's exercise of his First Amendment rights, and (5) the
                   action did not reasonably advance a legitimate correctional goal.
8

9   Rhodes, 408 F.3d at 567-68.  However, plaintiff is advised that not every allegedly adverse action

10  is sufficient to support a claim for retaliation.  See, e.g., Huskey v. City of San Jose, 204 F.3d

11  893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo*

12  *propter hoc*, i.e., "after this, therefore because of this.").

13         Finally, plaintiff is informed that the court cannot refer to a prior pleading in order

14  to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

15  complaint be complete in itself without reference to any prior pleading.  This is because, as a

16  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

17  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

18  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

19  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

20         Accordingly, IT IS HEREBY ORDERED that:

21         1.  Plaintiff's November 14, 2008 application to proceed in forma pauperis (Doc.

22  No. 2.) is granted.

23         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

24  The fee shall be collected and paid in accordance with this court's order to the Director of the

25  California Department of Corrections and Rehabilitation filed concurrently herewith.

26  /////

1    3. Plaintiff's complaint is dismissed.

2    4. Plaintiff is granted thirty days from the date of service of this order to file an

3    amended complaint that complies with the requirements of the Civil Rights Act, the Federal

4    Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

5    docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

6    amended complaint in accordance with this order will result in a recommendation that this action

7    be dismissed without prejudice.

8    5. The Clerk of the Court is directed to send plaintiff the court's form for filing a

9    civil rights action.

10   DATED: March 5, 2009.

11

12   _____
     DALE A. DROZD

13   DAD:9                          UNITED STATES MAGISTRATE JUDGE
     woot2745.14a

14

15

16

17

18

19

20

21

22

23

24

25

26

7